IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ESPINOZA, et al.,<br><br>    Defendants. | No. 2:23-CV-1955-DAD-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Mike Morgan names as defendants: (1) A. Espinoza, Correctional Officer, (2) L. Davies, Lieutenant, and (3) J. Hall, Sergeant. See ECF No. 1, pg. 1. All defendants are prison officials at California State Prison – Solano (CSP-Solano). See id. at 2.

In his first claim, Plaintiff alleges that Defendants falsified documents to the extent that Plaintiff could not properly defend against a Rules Violation Report (RVR-115). See id. at 3. According to Plaintiff, on August 21, 2021, Plaintiff received an RVR-115 for a cellular device. See id. Plaintiff asserts that throughout the RVR-115 process and following inmate grievance process, Defendants falsified documents and made the process arbitrary and capricious. See id. Plaintiff asserts that the evidence presented supports all claims and allegations against Defendants. See id. at 3.

In his second claim, Plaintiff asserts that he was not afforded the right to properly defend himself against wrongdoing. See id. at 4. Plaintiff alleges that Defendant L. Davies denied Plaintiff the opportunity to call a witness for his defense in the administrative RVR-115 hearing. See id. According to Plaintiff, this denial resulted in a violation of Plaintiff's right to due process. See id. at 4.

///
///
///
///

## II.  DISCUSSION

The Court finds that Plaintiff's complaint states a cognizable due process violation with respect to disciplinary hearings against Defendant L. Davies (second claim). Plaintiff has not, however, alleged sufficient facts to link any constitutional violation to Defendants Espinoza and Hall.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff names as defendants A. Espinoza, L. Davies, and J. Hall.  Plaintiff generally alleges that his due process rights were violated by falsification of documents.  Plaintiff has not, however, alleged facts linking either Defendant Espinoza or Defendant Hall to the falsification of documents or the prison disciplinary process.  Plaintiff will be provided an opportunity to amend.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: January 18, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE