IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MORGAN,<br><br>          Plaintiff,<br><br>     v.<br><br>A. ESPINOZA, et al.,<br><br>          Defendants. | No.  2:23-CV-1955-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, ECF No. 31.  Plaintiff has filed an opposition, ECF No. 38. Defendants have filed a reply, ECF No. 39.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See

1

Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

///

///

2

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on September 11, 2023, asserting claims against Defendants Espinoza, Hall, and Davis. See ECF No. 1. On January 19, 2024, the Court issued an order granting Plaintiff leave to amend to cure defects in Plaintiff's claims against Defendants Espinoza and Hall. See ECF No. 11. On February 20, 2024, Plaintiff filed a first amended complaint reasserting claims against Defendants Espinoza, Hall, and Davis. See ECF No. 14. On May 14, 2024, the Court issued an order determining that the first amended complaint was appropriate for service on all three defendants. See ECF No. 17. Defendants waived service, and on October 15, 2024, Defendant Davis filed an answer to the first amended complaint, and Defendants Espinoza and Hall filed the currently pending motion to dismiss. See ECF Nos. 31 and 32.

### B. Plaintiff's Allegations

In the first amended complaint, Plaintiff identifies Defendant Hall as a correctional sergeant at California State Prison – Solano (CSP-Solano) and identifies Defendant Espinoza as a correctional officer at CSP-Solano. See ECF No. 14, at 1-2. Plaintiff alleges that these Defendants violated his due process rights by falsifying documents and intimidating a witness. See id. at 3-5. Plaintiff presents three claims for relief. See id. His first claim – Claim I – relates to Defendant Davis who, as indicated above, has filed an answer to the first amended complaint and has not joined in the pending motion to dismiss.[1] Thus, the Court herein focuses on Plaintiff's allegations in Claim II and Claim III.

///

---

[1] In Claim I, Plaintiff alleges that Defendant Davis violated his due process rights by refusing to allow Plaintiff to call witnesses at a disciplinary hearing. See ECF No. 14, at 3.

3

|   |   |
|---|---|
| 1 | Claim II – Defendant Hall |
| 2 | Plaintiff alleges that on the night of August 21, 2021, Defendant Hall searched |
| 3 | Plaintiff and his bunk area, resulting in the confiscation of Plaintiff's tablet. See id. at 4. Plaintiff |
| 4 | alleges that Defendant Hall never provided him with a cell search slip. See id.  Plaintiff further |
| 5 | charges that Defendant Hall filed a report of the incident that falsely asserted a cell phone had |
| 6 | been confiscated from Plaintiff.  See id. Plaintiff further claims that this false report led to a |
| 7 | disciplinary hearing – where Plaintiff argued that Defendant Hall had falsified his report and |
| 8 | incorrectly identified Plaintiff based on his appearance – that resulted in the suspension of |
| 9 | Plaintiff's family visitation privileges for five years.  See id. Plaintiff also claims that Defendant |
| 10 | Hall, presumably fraudulently, changed his statement regarding "what bunk [Plaintiff] was on |
| 11 | when [Defendant Hall] came in the dorm to search." See id. |
| 12 | Claim III – Defendant Espinoza |
| 13 | Plaintiff alleges that Defendant Espinoza threatened one of Plaintiff's potential |
| 14 | witnesses – another inmate named Tucker – coercing him to not make a statement in Plaintiff's |
| 15 | defense. See id. at 5. Specifically, Plaintiff claims that Defendant Espinoza told Tucker that she |
| 16 | would "write him up for being out of bounce [sic]" and that Plaintiff and Tucker "will not like the |
| 17 | games they will play."  Id.  Plaintiff claims that, because of Defendant Espinoza's threat, Tucker |
| 18 | did not make a statement, presumably at the disciplinary hearing, but instead merely wrote a |
| 19 | statement, presumably addressed to Plaintiff, "telling why he didn't say anything to the IE |
| 20 | ([Defendant] A. Espinoza)." Id. |
| 21 |   |
| 22 | **II.  DISCUSSION** |
| 23 | In their motion to dismiss, Defendants argue that Plaintiff fails to assert a |
| 24 | cognizable Fourteenth Amendment due process claim against them. See ECF 31-1, pg. 3. |
| 25 | Specifically, as to Claim II against Defendant Hall, Defendants contend that Plaintiff has no due |
| 26 | process right to be free from false disciplinary charges.  See id. at 4. As to Claim III against |
| 27 | Defendant Espinoza, Defendants assert that Plaintiff's claim is vague and, as with Claim II, |
| 28 | Plaintiff cannot proceed on a claim related to a false disciplinary charge.  See id. at 5.  For these |

1  same reasons, Defendants also argue that they are entitled to qualified immunity. See id. at 5-6.

2  The Due Process Clause protects prisoners from being deprived of life, liberty, or
3  property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to
4  state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or
5  property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672
6  (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

7  With respect to prison disciplinary proceedings, due process requires prison
8  officials to provide the inmate with: (1) a written statement at least 24 hours before the
9  disciplinary hearing that includes the charges, a description of the evidence against the inmate,
10  and an explanation for the disciplinary action taken; (2) an opportunity to present documentary
11  evidence and call witnesses, unless calling witnesses would interfere with institutional security;
12  and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418
13  U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see
14  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the
15  record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill,
16  472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is
17  satisfied where "there is any evidence in the record that could support the conclusion reached."
18  Id. at 455-56.

19  **A.    Plaintiff's Allegations Against Defendant Hall in Claim II**

20  Defendants highlight that "Plaintiff's allegation that Defendant Hall violated his
21  right to due process by issuing a false disciplinary charge is at the core of his claim against
22  Defendant Hall." See ECF No. 31-1, pg. 4. Based on this characterization, Defendants argue that
23  Plaintiff's claim should be dismissed because prison inmates have "no constitutionally guaranteed
24  immunity from being falsely or wrongly accused of conduct which may result in the deprivation
25  of a protected liberty interest," citing Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Id.
26  The Court agrees and notes that in addition to the Second Circuit—and the Seventh Circuit on
27  which it relies, see Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984)—the Ninth Circuit has
28  endorsed the same rule in several unpublished opinions. See Garrott v. Glebe, 600 F. App'x 540

1  (9th Cir. 2015); Allah v. State of California, 182 F.3d 924 (9th Cir. 1999); Byrd v. Parin, 53 F.3d
2  337 (9th Cir. 1995); Mulqueen v. Guiterrez, 934 F.2d 324 (9th Cir. 1991). As has this Court on
3  multiple occasions. See Gutierrez v. Reyersbach, 2023 WL 7286579, at *1 (E.D. Cal. Sept. 28,
4  2023), report and recommendation adopted, 2023 WL 7287159 (E.D. Cal. Nov. 2, 2023);
5  Venable v. Tally, 2024 WL 3861610, at *2 (E.D. Cal. Aug. 19, 2024); Brown v. Godwin, 2017
6  WL 1709354, at *2 (E.D. Cal. May 3, 2017). Accordingly, the Court concludes that Plaintiff
7  cannot proceed on Claim II against Defendant Hall because "[i]nmates do not have any due
8  process right to be free from false disciplinary charges." Id.

### B. Plaintiff's Allegations Against Defendant Espinoza in Claim III

Defendants argue that "Plaintiff's claim against Defendant Espinoza is especially vague and neglects to show the effect of Defendant Espinoza's conduct on Plaintiff's right to due process." See ECF No. 31-1, pg. 5. Here the Court does not agree. As Defendants note, Plaintiff alleges in Claim III that Defendant Espinoza threatened a witness – inmate Tucker – with adverse action if the inmate testified on Plaintiff's behalf at a disciplinary hearing related to possession of cell phone. See ECF No. 14, pg. 5. While Claim III of Plaintiff's complaint is admittedly sparse, the Court must hold pro se pleadings to a less stringent standard than those drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and must construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In doing so, the Court finds that Plaintiff's complaint has alleged facts which, if true, would show that Defendant Espinoza violated Plaintiff's procedural due process rights by taking action which prevented Plaintiff from presenting witness testimony at a disciplinary hearing.

"Chief among the due process minima outlined in *Wolff* was the right of an inmate to call and present witnesses and documentary evidence in his defense before the disciplinary board." Ponte v. Real, 471 U.S. 491, 495 (1985). Accordingly, "[p]risoners have a right to call witnesses, provided that doing so is not hazardous to institutional goals or safety. *Wolff v. McDonnell*, 418 U.S. 539, 566, [] (1974)." Gutierrez v. Reyersbach, 2023 WL 7286579, at *2 (E.D. Cal. Sept. 28, 2023), report and recommendation adopted, No. 222CV01492TLNJDP, 2023 WL 7287159 (E.D. Cal. Nov. 2, 2023). That right is violated whenever a prisoner is hampered in

1  being able to call a witness in his defense before the disciplinary board. See Mirmehdi v. United
2  States, 689 F.3d 975, 983 (9th Cir. 2012) ("witness intimidation . . . [requires] show[ing] the
3  litigant was hampered in being able to present an effective case. This rule applies to both witness
4  intimidation and conspiracy to intimidate a witness.") (internal citations omitted).[2]  In this case,
5  the facts alleged by Plaintiff show a procedure due process violation by Defendant Espinoza.
6           This Court has previously dealt with similar situations in which an inmate alleges
7  that one defendant filed a false disciplinary charge, and another defendant thereafter failed to
8  provide procedural protections mandated by Wolff.  In these situations, the first claim has been
9  dismissed and the second claim has proceeded. See Gutierrez v. Reyersbach, 2023 WL 7286579,
10 at *1–2 (E.D. Cal. Sept. 28, 2023), report and recommendation adopted, 2023 WL 7287159 (E.D.
11 Cal. Nov. 2, 2023) ("[P]laintiff brings three claims in his second amended complaint. First, he
12 alleges that defendant Reyerbach, a correctional officer, . . . [filed] a disciplinary violation for
13 contraband . . . These allegations do not state a cognizable claim against Reyerbach [because]
14 [t]here is no constitutional right to be free from disciplinary violations, even false ones. . . . By
15 contrast, plaintiff's due process allegations against defendant Pantoja are suitable to proceed. He
16 alleges that Pantoja, who was the officer presiding over the disciplinary hearing related to the
17 contraband cell phone, refused to allow him to question Reyerbach or to call him as a witness.
18 Prisoners have a right to call witnesses, provided that doing so is not hazardous to institutional
19 goals or safety. Construed liberally, this claim states a viable due process claim against Pantoja.")
20 (internal citations omitted).  The Court takes the same approach here by recommending that
21 Defendant Hall be dismissed and that the action proceed against Defendant Espinoza based on
22 Plaintiff's claim of violation of the procedural protections associated with disciplinary hearings,
23 in this case Plaintiff's ability to call witnesses.
24 ///
25 ///
26 ///

---

27
28   [2]   While the Ninth Circuit has since removed the requirement that "the litigant" be hampered, see Head v. Wilkie, 936 F.3d 1007 (9th Cir. 2019), the standard remains the same.

### C. **Qualified Immunity**

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In general, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201 (2001). If a violation can be made out, the next step is to ask whether the right was clearly established. See id. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted). Thus, the final step in the analysis is to determine whether a reasonable officer in similar circumstances would have thought his conduct violated the alleged right. See id. at 205.

When identifying the right allegedly violated, the court must define the right more narrowly than the constitutional provision guaranteeing the right, but more broadly than the factual circumstances surrounding the alleged violation. See Kelly v. Borg, 60 F.3d 664, 667 (9th Cir. 1995). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand [that] what [the official] is doing violates the right." See Anderson v. Creighton, 483 U.S. 635, 640 (1987). Ordinarily, once the court concludes that a right was clearly established, an officer is not entitled to qualified immunity because a reasonably competent public official is charged with knowing the law governing his conduct. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). However, even if the plaintiff has alleged a violation of a clearly established right, the government official is entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his . . . conduct did not violate the right." Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir. 2001); see

8

also Saucier, 533 U.S. at 205.

The first factors in the qualified immunity analysis involve purely legal questions. See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996). The third inquiry involves a legal determination based on a prior factual finding as to the reasonableness of the government official's conduct. See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995). The district court has discretion to determine which of the Saucier factors to analyze first. See Pearson v. Callahan, 555 U.S. 223, 236 (2009). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. See Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

Defendants argue:

> Under the first prong of the analysis, Defendants are entitled to qualified immunity because no constitutional violation occurred. However, the second prong is also satisfied, under which Plaintiff bears the burden of proving the law was clearly established. *Davis v. Scherer,* 468 U.S. 183, 197 (1984). Here, the issue presented is whether it has been clearly established that prisoners have the right to be free from false disciplinary charges or their witnesses being threatened. To Defendants' knowledge, no case law supports this assertion. Thus, reasonable prison staff would not have been aware that issuing a false disciplinary charge or threatening witnesses was a constitutional violation. Defendants are therefore entitled to qualified immunity.

ECF No. 31-1, pg. 6.

The Court agrees with Defendants' argument insofar as it relates to Defendant Hall. As discussed above, Plaintiff cannot make out a clearly established right to be free from false disciplinary charges. The Court, however, does not agree with Defendants' contention insofar as it relates to Defendant Espinoza. Here, the facts alleged by Plaintiff show a violation of Plaintiff's clearly established rights with respect to the ability to present witnesses at a disciplinary hearing.

///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion to dismiss, ECF No. 31, be granted in part and denied in part, as explained herein.

2. Plaintiff's claims against Defendant Hall be dismissed with prejudice and Defendant Hall be terminated as a party to this action.

3. Defendant Espinoza be required to file an answer to the first amended complaint as to Plaintiff's Claim III.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE