1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MIKE MORGAN,                              No.  2:23-cv-01955-DAD-DMC (PC)

12                    Plaintiff,                ORDER ADOPTING IN FULL FINDINGS
                                                AND RECOMMENDATIONS, GRANTING
13            v.                                IN PART AND DENYING IN PART
                                                DEFENDANTS' MOTION TO DISMISS
14    A. ESPINOZA, et al.,
                                                (Doc. Nos. 31, 41)
15                    Defendants.

16

17            Plaintiff Mike Morgan is a state prisoner proceeding *pro se* and *in forma pauperis* in this

18    civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

19    States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20            On June 6, 2025, the assigned magistrate judge issued findings and recommendations

21    recommending that defendants' motion to dismiss, (Doc. No. 31), be granted in part and denied in

22    part.  (Doc. No. 41.)  Specifically, the magistrate judge concluded that as to defendant Hall,

23    plaintiff's due process claim based upon defendant purportedly issuing a false prison disciplinary

24    charge against plaintiff was not cognizable because prisoners do not have a constitutional right

25    not to be wrongly accused of conduct which may result in the deprivation of a protected liberty

26    interest.  (*Id.* at 5–6.)  As to defendant Espinoza, the magistrate judge concluded that plaintiff had

27    sufficiently alleged that defendant had interfered with his right to present witness testimony at his

28    /////

                                                   1

1  prison disciplinary hearing and that defendant Espinoza was not entitled to dismissal of that claim

2  on qualified immunity grounds.  (*Id.* at 6–9.)

3      The pending findings and recommendations were served on the parties and contained

4  notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at

5  10.)  On June 23, 2025, plaintiff filed objections to the findings and recommendations.  (Doc. No.

6  42.)  On July 3, 2025 defendants filed a reply to plaintiff's objections in which they confirmed

7  that they were raising no objection to the recommendation that the motion to dismiss the claim

8  brought against defendant Espinoza be denied.  (Doc. No. 43.)  On July 30, 2025, plaintiff filed

9  what was characterized as another response to defendants' motion to dismiss in which he objected

10  to the dismissal of defendant Hall from this action.  (Doc. No. 44.)

11      In his objections, plaintiff argues that his claims against both defendants Hall and

12  Espinoza should be allowed to proceed.  (Doc. No. 43 at 1–4.)[1]  In his subsequent filing plaintiff

13  mistakenly suggests that the recommendation that his claim brought against defendant Hall was

14  based upon some deficiency in how he "filled out" that claim in his submission to the court.

15  (Doc. No. 44 at 2.)  In any event, none of the arguments presented by plaintiff in his objections

16  provides a basis upon which the pending findings and recommendations should be rejected.  *See*

17  *Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015)[2] (acknowledging that there is no

18  federally recognized right for a prisoner to be free from false accusations); *see also Toscano v.*

19  *Lewis*, No. 12-cv-05893-EMC, 2013 WL 1632691, at *6 (N.D. Cal. Apr. 16, 2013) ("[F]alsely

20  accusing an inmate of misconduct does not violate a right secured by the Constitution or laws of

21  the United States.")

22      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

23  *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's

24  /////

25  _____

26  [1]  As noted by defendants, the pending findings and recommendations recommend that their motion to dismiss the claim brought by plaintiff against defendant Espinoza be denied.

27

28  [2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

1  objections, the court concludes that the findings and recommendations are supported by the

2  record and by proper analysis.

3       Accordingly:

4      1.    The findings and recommendations issued on June 6, 2025 (Doc. No. 41) are

5             ADOPTED in full;

6      2.    Defendants' motion to dismiss (Doc. No. 31), is GRANTED in part and DENIED

7             in part;

8      3.    Defendants' motion is granted as plaintiff's claims brought against defendant Hall,

9             those claims are dismissed with prejudice, and the Clerk of the Court is directed to

10            TERMINATE Hall as a defendant to this action;

11     4.    Defendants' motion is denied as to plaintiff's claims brought against defendant

12            Espinoza and defendant Espinoza shall file an answer to plaintiff's first amended

13            complaint within 30 days of the date of this order; and

14     5.    This matter is referred back to the assigned magistrate judge for further

15            proceedings.

16      IT IS SO ORDERED.

17 Dated:  **August 15, 2025**

18                                DALE A. DROZD

19                                UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28