IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MORGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. ESPINOZA, et al.,<br><br>　　　　Defendants. | No. 2:23-CV-1955-DAD-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On May 15, 2024, the Court ordered service of Plaintiff's first amended complaint on Defendants Davies, Hall, and Espinoza. See ECF No. 17. On October 15, 2024, Defendant Davies filed an answer, see ECF No. 32, and Defendants Espinoza and Hall filed a motion to dismiss, see ECF No. 31. The Court recommended that the motion to dismiss be granted in part and denied in part, that Defendant Hall be dismissed, and that Defendant Espinoza be directed to file an answer to the first amended complaint. See ECF No. 41. The District Judge adopted the findings and recommendations in full on August 18, 2025. See ECF No. 47. Defendant Espinoza filed an answer to the first amended complaint on September 11, 2025. See ECF No. 49.

///

///

1

1        Before the District Judge ruled on the findings and recommendations addressing the motion to dismiss filed by Defendants Hall and Espinoza, Plaintiff filed a second amended complaint on July 30, 2025.  See ECF No. 45.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties.  See Fed. R. Civ. P. 15(a)(2).

        Where a party files an amended complaint without the right to do so, it is properly stricken by the Court.  See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

        Here, Plaintiff's second amended complaint was filed more than 21 days after Defendant Davies filed an answer on October 15, 2024, and was not filed pursuant to a stipulation signed by all parties.  As such, leave of court was required.  Because Plaintiff filed the second amended complaint absent leave of court or a stipulation, it will be stricken.  By separate order, the Court will refer this matter for a settlement conference.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's second amended complaint, ECF No. 45, filed on July 30, 2025, without leave or court or stipulation, is stricken.

2. This action proceeds on Plaintiff's first amended complaint as against Defendants Davies and Espinoza.

Dated:  September 22, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE